IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02087-GPG

KYLE LEE HOUSTON,

    Petitioner,

v.

C.D.O.C. RICK RAEMISCH, and
COLO. PAROLE DIR. BRANDON SHAFFER,

    Respondents.

---

ORDER DIRECTING APPLICANT TO FILE AMENDED PLEADING

---

    Applicant, Kyle Lee Houston, has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1). The court must construe the application liberally because Mr. Houston is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Houston will be ordered to file an amended pleading if he wishes to pursue his claims in this action.

    Mr. Houston's claims in the application are incomprehensible. It appears that Mr. Houston may be challenging the computation of a sentence imposed in a state court criminal case. However, it is not clear what specific federal constitutional claims Mr. Houston is asserting or why he believes he is entitled to habeas corpus relief in federal court.

    In order for the court and Respondents to address his claims in this action, Mr.

Houston must provide a clear statement of those claims. Therefore, Mr. Houston will be ordered to file an amended pleading. Pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, which apply to this habeas corpus action pursuant to § 2241, Mr. Houston must identify the specific federal constitutional claims he is asserting and he must provide specific factual allegations in support of each asserted claim. Furthermore, these habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'" *Id.* at 656 (quoting 28 U.S.C. § 2243). Naked allegations of constitutional violations are not cognizable in a habeas corpus action. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

Finally, to the extent Mr. Houston may intend to assert claims that do not challenge the computation of his sentence, he may not raise those claims in this habeas corpus action pursuant to 28 U.S.C. § 2241. If Mr. Houston seeks to challenge the validity of a conviction or sentence, he must file an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. If Mr. Houston is not seeking habeas corpus relief with respect to his claims in this action, he must file a Prisoner Complaint. Accordingly, it is

ORDERED that Mr. Houston file an amended pleading on the proper form that clarifies the federal constitutional claims he is asserting **within thirty (30) days from the date of this order**. It is

FURTHER ORDERED that Mr. Houston shall obtain the court-approved form,

along with the applicable instructions, at www.cod.uscourts.gov.   It is

FURTHER ORDERED that if Mr. Houston fails to file an amended pleading on the proper form that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED September 23, 2015, at Denver, Colorado.

BY THE COURT:

s/ Gordon P. Gallagher

_____
United States Magistrate Judge